UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



| | | |
|---|---|---|
| TIMOTHY KUNKEL, | - | |
| Plaintiff, | - | Case No.: **1:14CV01036** |
| | - | PLAINTIFF'S COMPLAINT |
| v. | - | |
| | - | |
| MIDLAND CREDIT MANAGEMENT, INC., | - | |
| | - | |
| Defendant. | - | |

## COMPLAINT

TIMOTHY KUNKEL ("Plaintiff"), through his attorneys, alleges the following against MIDLAND CREDIT MANAGEMENT, INC., ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331.

3. Defendant conducts business in the State of Virginia thereby establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Fairfax, Virginia.

6. Defendant is a business entity with an office located 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Prior to the filing of this action, Defendant acquired an account to collect monies from Plaintiff alleged to be owed and past due ("debt").

9. In or around December, 2013, Defendant started making telephone calls ("collection calls") to Plaintiff on his cellular telephone, at telephone number (703) 772-51xx.

10. Plaintiff never gave Defendant his consent to call his cellular telephone.

11. Defendant has been assigned multiple telephone numbers from its telephone provider(s) which are used to place collection calls including, but not limited to, 877-237-0512.

12. All of Defendant's collection calls to Plaintiff were placed using an automatic telephone dialing system or other equipment capable of storing and producing telephone numbers at sequential or random periods to be dialed.

13. In December, 2013, Plaintiff spoke with one of Defendant's employees and asked for written proof of the alleged debt and also instructed Defendant to stop calling him.

14. Plaintiff revoked any actual or implied authority to call his cellular telephone.

15. Despite Plaintiff's request, Defendant failed to send Plaintiff written proof that he owes the alleged debt and continued to place collection calls to Plaintiff's cellular telephone.

16. Defendant's collection calls to Plaintiff's cellular telephone include, but are not limited to:

        1)    1/6/2014 12:45 PM
        2)    1/6/2014 2:24 PM
        3)    1/6/2014 8:42 PM
        4)    1/7/2014 8:30 AM
        5)    1/7/2014 12:59 PM
        6)    1/7/2014 2:15 PM

7)  1/7/2014 8:43 PM
8)  1/8/2014 8:08 AM
9)  1/8/2014 11:26 AM
10) 1/8/2014 12:41 PM
11) 1/8/2014 3:08 PM
12) 1/8/2014 5:53 PM
13) 1/9/2014 8:34 AM
14) 1/9/2014 9:48 AM
15) 1/9/2014 10:34 AM
16) 1/9/2014 11:48 AM
17) 1/9/2014 1:29 PM
18) 1/10/2014 8:37 AM
19) 1/10/2014 11:47 AM
20) 1/10/2014 2:38 PM
21) 1/10/2014 4:12 PM
22) 1/11/2014 8:56 AM
23) 1/11/2014 12:42 PM
24) 1/11/2014 4:57 PM
25) 1/12/2014 12:00 PM
26) 1/12/2014 1:48 PM
27) 1/13/2014 9:33 AM
28) 1/13/2014 10:37 AM
29) 1/13/2014 12:25 PM
30) 1/13/2014 3:50 PM
31) 1/13/2014 4:01 PM
32) 1/14/2014 1:46 PM
33) 1/15/2014 1:00 PM
34) 1/17/2014 1:10 PM
35) 2/23/2014 2:00 PM
36) 2/24/2014 8:53 AM
37) 2/25/2014 8:50 AM
38) 2/25/2014 6:00 PM
39) 2/26/2014 3:33 PM
40) 2/26/2014 7:04 PM
41) 2/27/2014 5:39 PM
42) 2/28/2014 4:20 PM
43) 3/1/2014 11:21 AM
44) 3/2/2014 2:42 PM
45) 3/3/2014 8:23 AM
46) 3/4/2014 8:19 AM
47) 3/5/2014 8:49 AM
48) 3/6/2014 8:39 AM
49) 3/8/2014 4:19 PM
50) 3/9/2014 2:14 PM
51) 3/10/2014 3:32 PM
52) 3/12/2014 12:02 PM

        53)    3/12/2014 5:38 PM
        54)    3/15/2014 10:43 AM
        55)    3/17/2014 7:32 AM
        56)    3/17/2014 2:34 PM
        57)    4/28/2014 7:50 PM

17. Plaintiff is annoyed and feels harassed by Defendant's continued collection calls to his cellular telephone.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

18. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TIMOTHY KUNKEL, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

20. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

21. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

22. All court costs, witness fees and other fees incurred;

23. Any other relief that this Court deems appropriate

DATED: 8/7/14

RESPECTFULLY SUBMITTED,

By: _____

Richard W. Ferris, Esq.
VSB# 31812
530 East Main Street
Suite 1020
Richmond, VA 23219
(804) 767-1800
(888) 251-6228 FAX
rwferris@ferriswinder.com